**DOMANGUE et al. v. DUPLANTIS.**
**CHAUVIN v. SAME.**
**No. 1484.**

Court of Appeal of Louisiana. First Circuit.

June 29, 1935.

Harris Gagne, of Houma, for appellants.

Ellender & Ellender, of Houma, for appellee.

LE BLANC, Judge.

These are the two companion suits referred to in the opinion this day handed down in the case of Columbus Le Boeuf et al. v. the Same Defendant, 162 So. 592. The same deed is sought to be set aside by the plaintiffs in the first of these suits, Mrs. Vanolia Hebert Domangue, Mrs. Bertha Hebert Domangue, and Mrs. Maggie Hebert Richard, on the ground that their signatures thereto were obtained through fraud and misrepresentation on the part of the defendant, J. G. Duplantis, who held out to them that what they were signing was a trapping lease giving him the right to, trap on the property for the approaching trapping season, and for which right he would pay them and their sisters the sum of $55. They aver that it was on October 1, 1934, that they were first informed that there was filed in the conveyance records

of Terrebonne parish the document which purports to convey their title and interest in the property to the defendant.

In the second suit, the plaintiff, Mrs. Adele Hebert Chauvin, seeks to set the deed aside on the ground that she was led by defendant to believe that she was signing a receipt for money for a trapping lease.

The defendant joined issue with the plaintiffs on the question of the fraud and misrepresentation alleged by them in both suits, and received a favorable decision in the lower court, from which the plaintiffs have appealed.

The cases were submitted partly on some of the testimony that was taken in the suit of Columbus Le Boeuf et al. v. Duplantis, and the additional testimony of the plaintiffs, of Gilbert Domangue, and that of the defendant, Duplantis.

The testimony in these cases is no more convincing than we found it to be in the case of Columbus Le Boeuf et al. v. the Same Defendant, wherein the allegation was that the name of one of the parties to the deed had been forged.

It is shown that although they were not highly educated, all four of these ladies plaintiff knew how to read and write and can by no means be classed as illiterates. That being so, it is unreasonable to believe that they would all have signed a document transferring any rights whatever in their property without having read it and fully understanding its import. If they signed it without reading it or knowing what it contained, their negligence is inexcusable.

Mrs. Adele Hebert Chauvin, plaintiff in one of the suits, goes as far as to state that she signed a blank piece of paper upon being told that it was a receipt for the money paid her for the trapping privilege given to the defendant. That seems to us to be as improbable, as it is inconsistent with the allegation of her petition duly sworn to by her that it was a "typewritten" document which the defendant handed her and asked her to sign as a receipt and which she did sign.

Mrs. Maggie Hebert Richard, when asked how did she happen to sign the document, says: "I did not want to sign it." She admits later that she did sign, but repeats, "I didn't want to." On cross-examination, being asked if she read the instrument before signing it, she answers: "I un-

derstood it was a plain paper he brought me. I didn't read anything." She states that she spoke at length with the defendant at the time, and on being asked what they were talking about says: "I was afraid he was taking a piece of property we knew nothing about. We were innocent. I perceived it several times that I was afraid of him. That he wanted this piece of property that was valuable and I didn't know about it. He was tricking the family about it." Entertaining such feeling toward the defendant, it would seem to us that this lady would have been the last person we can think of who would have signed what she says she understood to be a "plain" paper for him.

It is a rather odd circumstance also that these plaintiffs, after they became aware that they had property, valuable for trapping privileges in 1927, would not have endeavored to lease it again the following years for the same purpose. Their own testimony shows that they did nothing further in that regard after their purported lease to Duplantis in 1927 and were seemingly disinterested in the property thereafter, until they learned that it might have some potential oil value. This is a circumstance which further weakens their contentions that they were misled by the defendant into signing a document other than what they understood they were to sign.

As was stated in the opinion in the case of Columbus Le Boeuf v. Duplantis, the degree of proof required in cases of this kind is stronger than the usual preponderance of testimony which has to prevail in order for a plaintiff to recover in a civil action. It should be clear, strong, and positively convincing. That offered by these plaintiffs falls short of that standard.

The district judge did not hand down written reasons for judgment in these cases. We believe, however, that he was influenced to some extent by the reasons offered by him in the other case. At any rate, we agree with him in the conclusion he reached in rejecting the demand in each, and dismissing both suits. A separate decree will be handed down affirming the judgment in each case.

It is therefore ordered that the judgment appealed from in the case of Mrs. Vanolia Hebert Domangue et al v. J. G. Duplantis be, and the same is hereby, affirmed at the costs of the appellants.